1
2
3
4
5
6
7
8 # UNITED STATES DISTRICT COURT
9 ## EASTERN DISTRICT OF CALIFORNIA
10

| | | |
|---|---|---|
| 11 HORACE A. BELL, | ) | 1:10-cv-00695-LJO-JLT HC |
| | ) | |
| 12               Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | TO DISMISS PETITION FOR WRIT OF |
| 13    v. | ) | HABEAS CORPUS (Doc. 1) |
| | ) | |
| 14 | ) | ORDER DIRECTING THAT OBJECTIONS BE |
| A. HEDGPETH, Warden, | ) | FILED WITHIN TWENTY DAYS |
| 15 | ) | |
| 16               Respondent. | ) | |

17

18    Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus

19 pursuant to 28 U.S.C. § 2254.  On August 6, 2008, Petitioner initiated this case by filing a

20 petition for writ of mandate in the United States District Court for the Northern District of

21 California.  (Doc. 1).  The Northern District ordered Petitioner to file an amended petition and,

22 on January 14, 2010, Petitioner complied.  (Doc. 8).  On April 19, 2010, the Northern District

23 ordered the case transferred to this Court, concluding that Petitioner was challenging the

24 conditions of his confinement and, because he was confined within the jurisdiction of this Court,

25 transfer was appropriate.  (Doc. 11).

26    In his amended petition, Petitioner raises three grounds for relief in his petition: (1) cruel

27 and unusual punishment;  (2) inhumane oppressive treatment; and (3) discrimination under the

28 Americans With Disabilities Act ("ADA").  (Doc. 8, p. 6).   The amended petition does not

1     provide any additional factual details regarding these sparse allegations.  Rather, Petitioner

2     indicates that the Court should reference the "documents attached to original petition."  (Id.).

3     Petitioner does not challenge either his conviction or sentence or sentence.

4                                     **DISCUSSION**

5         Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary

6     review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

7     plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule

8     4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490

9     (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the

10    petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. §

11    2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality

12    or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*,

13    Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the

14    Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. §

15    1983 is the proper method for a prisoner to challenge the conditions of that confinement.

16    McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at

17    574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

18         In this case, as discussed above, and referencing the documents attached to the original

19    petition, it appears that Petitioner is complaining that he is being discriminated against because

20    he is being denied participation in an advertised program for back or neck pain at the self-

21    identified Institute of Neurological Research, located at the UCLA Medical Plaza.  (Doc. 1, pp.

22    30; 32).  Petitioner apparently has also contended that prison staff harassed him and conspired to

23    deny him medical treatment.  (Id., p. 36).  Petitioner has also complained of being denied a daily

24    shower and that, as someone suffering from incontinence, he is living in unsanitary conditions.

25    (Id., pp. 43-47).

26         From the foregoing, it is obvious that Petitioner is challenging the conditions of his

27    confinement, not the fact or duration of that confinement.  Therefore, Petitioner is not entitled to

28    habeas corpus relief, and this habeas corpus petition must be dismissed.  Should Petitioner wish

1   to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42

2   U.S.C. § 1983.

3                                    **RECOMMENDATION**

4          Accordingly, the Court RECOMMENDS as follows:

5          1.  That the amended petition for writ of habeas corpus (Doc. 8), be DISMISSED because

6          the petition does not allege grounds that would entitle Petitioner to habeas corpus relief;

7          2.  That the Clerk of Court be DIRECTED to send Petitioner the standard form for claims

8          pursuant to 42 U.S.C. § 1983.

9          This Findings and Recommendation is submitted to the United States District Judge

10  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the

11  Local Rules of Practice for the United States District Court, Eastern District of California.

12  Within twenty (20) days after being served with a copy, any party may file written objections

13  with the court and serve a copy on all parties.  Such a document should be captioned "Objections

14  to Magistrate Judge's Findings and Recommendation."  The Court will then review the

15  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that

16  failure to file objections within the specified time may waive the right to appeal the District

17  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18

19  IT IS SO ORDERED.

20  Dated:   **May 10, 2010**                              _____**/s/ Jennifer L. Thurston**_____
                                                          UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

                                              3